148 N.J. Super. 79 (1977)
371 A.2d 838
SPIEGEL, INC., A DELAWARE CORP., PLAINTIFF,
v.
SHIRLEY A. TAYLOR, DEFENDANT. SPIEGEL, INC., A DELAWARE CORP, PLAINTIFF,
v.
SAM HENDERSON AND BONNIE J., HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, District Court  Bergen County.
February 1, 1977.
*80 Mr. Jack L. Zakim for plaintiff (Mr. Lawrence N. Levine, attorney).
No appearance by defendants.
*81 O'HALLORAN, J.D.C.
Identical motions by plaintiff in both the above-entitled matters seeking permission for an officer of the court to enter defendants' residences for the purpose of effecting an inventory of their personal property therein and levying upon same came on before the court on January 21, 1977.
Spiegel, Inc. v. Shirley A. Taylor is a collection action on a book account for goods and/or services sold and delivered, in which a default judgment was entered against defendant on August 24, 1976 for $329.55 plus costs, defendant having failed to answer the complaint.
Spiegel, Inc. v. Sam Henderson and Bonnie J. Henderson, his wife, is also a collection action on a book account for goods and/or services sold and delivered, in which a default judgment was entered against defendants on September 17, 1974 for $332.68 plus costs, defendants having failed to answer the complaint. It appears that some payments have been made, leaving a balance due, as of a letter from plaintiff's attorney dated July 10, 1975, in the sum of $182.68 plus costs.
Each motion was supported by an affidavit from the constable that he has "made attempts to levy on the personal property of the defendants and have met with no success." Although no one appeared in opposition to either motion, the court requested plaintiff's attorney to submit authority for the request.

I
Plaintiff cites the case of Nelson v. VanGazelle Valve Mfg. Co., 45 N.J. Eq. 594 (Ch. 1889), and relies upon the court's statement (at 595) that the constable, in making the levy in question, "was warranted in law in breaking into the factory and making an actual seizure and adequate inventory * * *." The case held that where the constable attempted to make a levy upon chattels in a factory by looking through a window and getting a partial view, from which he *82 made an incomplete inventory without gaining access to the building, the purported levy was invalid. This decision is distinguishable from the present case because it involved commercial premises and not defendant's dwelling house. Furthermore, the statement relied upon is dictum, nor is a decision of a trial court in another time era binding on this court.
Plaintiff also cites N.J.S.A. 2A:99-1, entitled "Obstructing execution of process; assaulting officers." This statute makes it a misdemeanor to obstruct or resist an officer, including a constable, in serving or executing any writ or other process. There is no indication in these cases of obstruction by defendants. The constable simply states that he has been unable to levy on any personal property. The statute is inapplicable and is no authority for the relief requested.
Finally, plaintiff submits a similar order entered by another judge of this court last year at the request of a different law firm in an unrelated case. This court does not know the circumstances under which that order was entered and, in any event, it is not binding precedent.
In short, the authority submitted by plaintiff is not persuasive.

II
Some practical aspects of both these cases should be considered.
Original process could not be served personally on defendant Shirley Taylor. The constable reported that she resided in a rooming house. Pursuant to an order, service was attempted by certified mail, but was unclaimed. Service of the summons and complaint by ordinary mail on the same day was not returned by the postoffice. When defendant failed to answer, the default was entered. Service of the within motion was also made by certified mail at the same address, but a return receipt has not been provided. It is quite possible that defendant was never aware of this lawsuit and *83 does not know of this motion. No evidence has been provided that she still resides in the rooming house where entry is sought.
Personal service of original process was made on the defendants Henderson. Default was entered on September 11, 1974 when they failed to answer. As noted above, some partial payments were made by them prior to July 10, 1975. The court does not know if any further payments have been made. Service of the within motion was made by certified mail at the same address as the original process was served (but almost 2 1/2 years later), but a return receipt has not been provided. It is possible that these defendants are not aware of the motion. No evidence has been provided as to the balance of the judgment still due or that the Hendersons still live at the residence to which entry is sought.

III
As noted above, no specific authority has been cited to the court for granting permission for a constable to enter the judgment debtor's dwelling to search for and levy upon his personalty. Of course, upon entry of judgment in a county district court action execution shall issue thereon commanding the officer to levy and make the amount of the judgment and costs out of the goods and chattels of the judgment debtor. N.J.S.A. 2A:18-18. The officer must make an inventory in writing of so much of the judgment debtor's property as he intends to levy upon, and attach the inventory and levy to the execution. N.J.S.A. 2A:18-25. Since wearing apparel and other personal property (exclusive of wearing apparel) up to a value of $1,000 are exempt from execution (N.J.S.A. 2A:17-19), a careful inventory must be made of the personal property subject to levy. N.J.S.A. 2A:17-20.
However, the officer is not required to search out the judgment debtor's assets. Rather, the burden is upon the judgment creditor to point out what may be levied upon. 17 *84 N.J. Practice, (County District and Municipal Courts) (2 ed.), § 992 at 619.
The judgment creditor here has not identified any particular nonexempt personal property located within the homes of defendants upon which it wishes the levy to be made. The motions are simply requests to allow the constable blanket permission to enter defendants' residences and conduct a general search for nonexempt property owned by the debtors (and not other members of their families). Such "fishing expeditions" are not contemplated by the applicable statutes or rules of practice. The proper procedure is to ascertain the existence of any assets owned by defendants through the supplementary proceedings authorized by R. 6:7-2, or by other legitimate investigative techniques, and then to instruct the constable to levy upon the discovered assets. If this entails a levy in defendant's dwelling house and entry is refused, application can be made to the court at that time  but the court will not grant a constable permission to make a general (and perhaps fruitless) search of a debtor's home without the showing of some reasonable basis for the request (analogous to probable cause for a search warrant). No reasonable basis for the requested relief in either case has been presented to the court.

IV
It has been held that the First Amendment to the U.S. Constitution has a penumbra where privacy is protected from governmental intrusion, Griswold v. Connecticut, 381 U.S. 479, 14 L.Ed.2d 510, 85 S.Ct. 1678 (1965), and that even though a governmental purpose be legitimate and substantial, that purpose cannot be pursued by means that broadly stifle fundamental personal liberties when the end can be more narrowly achieved. Shelton v. Tucker, 364 U.S. 479, 5 L.Ed.2d 231, 81 S.Ct. 247 (1960).
It is not difficult to foresee circumstances under which the general search of defendants' homes by a constable, as requested by plaintiff, could be a frightening experience for the *85 debtor's family as well as a hazard for the constable. If less drastic means for achieving the same purpose are available, they should be utilized. Since our rules of practice provide other suitable means for discovering a debtor's assets, the disruption of the privacy of a debtor's home by a constable's search for assets should not be permitted.
For any of the foregoing reasons, plaintiff's motions are denied.